UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TURKEY KNOB GROWERS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:18-cv-01295 (TSE/IDD) |
| EAST COAST IMPEX LLC, *et al.*, | ) ) ) |
| Defendants. | ) ) |

### REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Default Judgment Against all Defendants, pursuant to Federal Rule of Civil Procedure 55(b)(2). Pl.'s Mot. for Default J. Against All Defs. and Incorporated Mem. of Law, ECF No. 11 ("Mot. for Default J."). After Defendants or a licensed attorney for Defendants failed to answer or otherwise respond to the Complaint, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment, and memorandum thereto, the undersigned Magistrate Judge makes the following findings and recommends that default judgment be entered against Defendant East Coast Impex LLC ("Impex") and Defendant Srinivas Sathyavedu Kalyan ("Kalyan").

### I. INTRODUCTION

Plaintiff is a Virginia company that sells wholesale quantities of perishable agricultural goods ("Produce"). Compl. ¶¶ 1-2. On October 16, 2018, Plaintiff filed this action for declaratory relief under the Perishable Agricultural Commodities Act of 1930 ("PACA"). The Complaint alleges six counts. The first and second counts allege that Defendant Impex, a trustee of the PACA trust assets for the benefit of Plaintiff, failed to pay for a shipment of Produce it received under a

1

Sales Contract ("Contract") between Plaintiff and Defendant Impex. *Id.* ¶¶ 7-9. The third count alleges that Defendants failed to maintain trust assets as required by PACA. *Id.* ¶¶ 21-27(a)-(c). The fourth count alleges that Defendant Kalyan breached his fiduciary duty by failing to maintain PACA trust assets. *Id.* ¶¶ 14, 32-33. The fifth count alleges that Defendant Kalyan converted and unlawfully retained PACA trust assets. *Id.* ¶¶ 38-41. Lastly, as Defendant Impex failed to pay for the total amount of Produce received, Plaintiff alleges enforcement of the Reparations Award provided by the USDA. *Id.* ¶¶ 43-24 at 6-7.[1]

After Defendants failed to respond to Plaintiff's Complaint, Plaintiff moved for default judgment against Defendants. Plaintiff requests an Order: declaring that it holds a valid PACA trust claim against Defendant Impex; directing Defendant Impex to pay $23,520.00[2] to Plaintiff's PACA trust assets; enjoining Defendant Impex from dissipating PACA trust assets; directing Defendant Impex to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims; declaring judgment against Defendant Kalyan in the claimed amount of $23,520, plus attorney's fees and costs; enforcing a Reparations Award against Defendant Impex in the claimed amount of $23,520; and awarding any other such relief as the Court deems appropriate. Compl. ¶¶ 24(A)-(E); Pl.'s Suppl. to its Mot. for Default J. ("Pl.'s Suppl.") The undersigned Magistrate Judge took the matter under advisement to issue this Report and Recommendation.[3]

### A. Jurisdiction and Venue

For a court to render default judgment over a party, it must have subject matter and personal jurisdiction over the party and be the appropriate venue for the action. This Court has subject

---

[1] In Count VI of the Complaint, Plaintiff numbered two paragraphs as 23 and 24. However, the correct enumeration of these paragraphs should have been 45 and 46. Though this Report and Recommendation cites the corresponding paragraphs as 23-24, the stated claims can be found after paragraph 44.
[2] Plaintiff was originally awarded a Reparations Award in the amount of $48,720 by the USDA, which was amended to $23,520 when a miscalculation was discovered. *See* Pl.'s Suppl.
[3] On March 12, 2019, Plaintiff waived oral argument on its Motion for Default Judgment.

matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1367(a) because Plaintiff's claims arise under 7 U.S.C. § 499e(b)(2) and 7 U.S.C § 499e(c)(4), which are federal laws. Compl. ¶ 4.

Venue is appropriate in this district, pursuant to 28 U.S.C. § 1391(b), because Plaintiff and Defendants reside in Virginia and a substantial part of the events underlying this action took place within this district. *Id.* ¶¶ 1-3, 5. Thus, this Court may also exercise personal jurisdiction over Defendants.

### B. Service of Process

Federal Rule of Civil Procedure 4(h) governs service upon corporations, partnerships, and other unincorporated associations and allows service by following state law where the district court is located. FED. R. CIV. P. 4(h)(1)(A). Under section 8.01-299 of the Virginia Code, process may be served on a limited liability company by personal service on a designated agent of the corporation. VA. CODE ANN. § 8.01-299.

The summons in the instant action indicates that Defendant Impex was served with process on November 30, 2018. Proof of Serv., ECF No. 4. The summons was served on Defendant Kalyan, who is designated by law to receive process on behalf of Defendant Impex as its President and Principal. *Id.* Defendant Kalyan was personally served on the same day. Proof of Serv., ECF No. 5. Therefore, the undersigned finds that Plaintiff properly served Defendants with process.

### C. Grounds for Default

Plaintiff filed its Complaint on October 16, 2018. Compl., ECF No. 1. Defendants failed to file an answer or any responsive pleading in this matter. On January 16, 2019, the Clerk entered default against Defendants upon Plaintiff's Request for Entry of Default. ECF Nos. 6-7. On March 7, 2019, Plaintiff filed a Motion for Default Judgment and waived oral argument on the Motion on

3

March 12, 2019. Mot. for Default J., ECF No. 11; Notice of Waiver of Oral Arg., ECF No. 14. After Defendants failed to file an answer by December 21, 2018, or respond to Plaintiff's Motion for Default Judgment, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II. EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). A defendant in default concedes the factual allegations of the complaint. *See, e.g., DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322, n.2 (4th Cir. 2008); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the Court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining

whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### III. FACTUAL FINDINGS AND ANALYSIS

On November 19, 2014, Defendant Impex entered into the Contract with Plaintiff. Compl. ¶ 7, ECF No. 1-1, Ex. A. Pursuant to the Contract, Plaintiff agreed to sell and Defendant Impex agreed to purchase twelve (12) containers of fresh apples, *i.e.*, Produce, to be delivered to India. *Id.* Relying on the Contract, Plaintiff delivered six (6) shipments of Produce to Defendant Impex, who accepted it, thereby becoming a trustee of the PACA trust for the benefit of Plaintiff in the claimed amount of $23,520. Compl. ¶¶ 7-9. Defendants did not pay for the six (6) containers of Produce. *Id.* ¶ 7. At the time of the sale underlying this action, Defendant Impex held a valid PACA license, number 20141173, issued by the USDA. Compl. ¶ 11. In the invoices sent to Defendant Impex, Plaintiff issued a written notice of intent to preserve trust benefits in accordance with 7 U.S.C. § 499e(c)(4). Compl. ¶ 12. Pursuant to 7 U.S.C. § 499e(c)(4), Defendants are in possession, control, and custody of PACA trust assets that must be retained and used for the benefit of Plaintiff. Compl. ¶ 17.

The Perishable Agricultural Commodities Act requires Defendant Impex to hold PACA trust assets for the benefit of Plaintiff. 7 U.S.C. § 499b(4); *id.* ¶ 24. However, Defendant Impex failed to maintain the trust despite being on notice that Plaintiff had preserved its trust rights. *Id.* ¶¶ 23, 26.

At the time of the sale of the Produce, Defendant Kalyan was the President and Principal of Impex and had full knowledge of its operation and financial obligations. *Id.* ¶ 30. As President and Principal of Defendant Impex, Defendant Kalyan had a duty to ensure Defendant Impex

5

fulfilled its financial obligations. *Id.* ¶ 31. Plaintiff alleges that Defendant Kalyan violated his fiduciary duty when he failed to ensure that Impex fulfilled its duties to maintain the PACA trust as a PACA trustee. *Id.* ¶¶ 32-33. Additionally, Plaintiff alleges that Defendant Impex transferred PACA trust assets to Defendant Kalyan, who received and retained the Trust assets from Plaintiff. Compl. ¶¶ 38-41.

As a result of Defendant Impex's failure to pay for the Produce, the USDA awarded Plaintiff with a $48,720 Reparations Award pursuant to the Rules of Practice under PACA § 499g, which grants the Secretary of the Department of Agriculture power to award reparations to sellers if they incur damages and fees due to a buyer's failure to pay for shipments. *Id.* ¶¶ 44-23 at 6-7. The Reparations Award was thereafter amended to $23,520. Pl.'s Suppl., ECF No. 15. Notwithstanding, Defendants have failed and refused to pay the Reparations Award despite continuous demands. Compl. ¶ 23 at 7.

Plaintiff requests the Court: (1) declare Plaintiff holds a valid PACA trust claim against Defendant Impex in the amount of $23,520, which includes interest from the date each invoice became past due; (2) direct Defendant Impex to immediately pay PACA trust assets due to Plaintiff; (3) direct Defendant Impex to replenish the PACA trust to a level sufficient to satisfy all qualified PACA trust claims and enjoin Defendant Impex from dissipating PACA trust claims; (4) enter judgment against Defendant Kalyan in the amount of $23,520 for conversion and retention of the Trust assets; (5) enforce the Reparations Award against Defendant Impex in the amount of $23,520, plus reasonable attorney's fees and costs; and (6) award any other such relief as deemed appropriate by the Court. Compl. ¶¶ 24(A)-(F); Pl.'s Suppl.

### A. Counts I-II: Validation of PACA trust assets and enforcement of payment

A plaintiff is entitled to protection under PACA if it is a supplier of perishable agricultural commodities, which may be defined as a person who sells such commodities or someone who secures a license under Section 3 of PACA. 7 U.S.C. at § 499a(6), (6a). Perishable agricultural products include fresh fruits and vegetables, whether frozen or not frozen. *Id.* § 499a(4). A plaintiff, however, is only entitled to protection under PACA if it secured its trust benefits by providing the seller with notice of its intention to do so. *Id.* § 499e(c)(3).

Here, Plaintiff is entitled to PACA trust protection because it supplied perishable agricultural goods—apples—in foreign and interstate commerce. Defendant Impex is a dealer of Produce as defined by PACA because it engaged in the business of purchasing Produce in wholesale or jobbing quantities. Compl. ¶ 3(a). Pursuant to 7 U.S.C. § 499e(c), Plaintiff is an unpaid seller entitled to trust benefits because it secured such benefits when it notified Defendant Impex of its intention to do so in its invoices. Thus, the undersigned finds that Plaintiff holds a valid trust claim in the amount of $23,520. As Defendant Impex failed to use Trust assets to pay for Produce, the undersigned also finds that Defendant Impex must immediately pay Plaintiff $23,520.

### B. Counts III and IV: Failure to maintain PACA trust assets and breach of fiduciary duty to PACA trust beneficiaries

Under § 499b(4), trustees are required to maintain the PACA trust and provide sellers with full payment shortly after receiving their shipments. 7 U.S.C. § 499b(4). A PACA trustee's failure to ensure fulfillment of a PACA trust asset is unlawful. *Id.*; *Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701, 705 (2nd Cir. 2007); *In re Al Nagelberg & Co., Inc.*, 84 B.R. 19, 21 (Bankr. S.D.N.Y. 1988). Moreover, individual shareholders "in a position to control PACA trust assets" that fail to ensure sufficient assets to pay sellers or distributors of perishable agricultural

goods may be held personally liable under PACA. *Golman-Hayden Co., Inc. v. Fresh Source Produce, Inc.*, 217 F.3d 348, 350 (5th Cir. 2000) (quoting *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997)).

Defendant Impex is a PACA trustee under 7 U.S.C. § 499e(c) because it received its shipments of Produce from Plaintiff, who preserved its rights to Trust assets when it sent invoices to Defendant Impex notifying it of its intention to preserve its rights. Defendant Impex breached its fiduciary duty when it failed to maintain sufficient PACA trust assets because it did not provide full payment for Produce, which was a valid PACA trust claim. *Coosemans Specialties* at 705; *In re Al Nagelberg & Co., Inc.* at 21; Compl. ¶ 33. Defendant Kalyan is also liable for failure to ensure sufficient assets because he is President and Principal of Defendant Impex and failed to ensure Defendant Impex had maintained the PACA trust assets owed to Plaintiff. *Golman-Hayden Co.*, 217 F.3d at 350; Compl. ¶ 33. For these reasons, the undersigned finds Defendants liable for Counts III and IV.

### C. Count V: Conversion and unlawful retention of PACA trust assets

Under Virginia law, "conversion is 'any distinct act of dominion wrongfully exerted over the property of another, and in denial of his rights, or inconsistent therewith." *Federal Ins. Co. v. Smith*, 144 F. Supp. 2d 507, 517-18 (E.D. Va. 2001) (quoting *Universal C.I.T. Credit Corp. v. Kaplan*, 198 Va. 67, 92 (1956)). Therefore, to plead a claim for conversion, a plaintiff must allege "(i) the ownership or right to possession of the property at the time of the conversion and (ii) the wrongful exercise of dominion or control by defendant over the plaintiff's property, thus depriving plaintiff of possession." *Airlines Reporting Corp. v. Pishvaian*, 155 F. Supp. 2d 659, 644 (E.D. Va. 2001) (citing *Universal C.I.T. Credit Corp.*, 198 Va. at 67). Plaintiff also alleges that the

Defendant Kalyan's retention of the PACA trust assets despite written notice that Plaintiff reserved its rights under PACA amounts to conversion. Compl. ¶¶ 36-42.

In this case, Plaintiff established ownership and right to possess the Trust assets by notifying Defendant Impex of its intention to preserve its rights to the PACA trust assets. Nonetheless, as Principal and President of Defendant Impex, Defendant Kalyan failed and refused to pay for the shipments it received. Therefore, Plaintiff has sufficiently proven its conversion claim.

### D. Count VI: Enforcement of Reparations Award

Under 7 U.S.C. § 499g(b), a claimant who has not received payment of a Reparations Award granted to it may bring a claim to enforce the Reparations Award before a district court. The district court may enforce the Reparations Award by granting damages as it would in any other civil proceeding. 7 U.S.C. § 499g. If the district court grants an order enforcing the Reparations Award and it is ignored by the respondent, the Secretary may then file a complaint with the Attorney General and seek a revocation of the respondent's license. 7 U.S.C. § 499h-499l.

Here, Plaintiff provided evidence of the USDA's grant of a Reparations Award in its favor. Default Order, ECF No. 1-3. Plaintiff seeks enforcement of the Reparations Award granted by the USDA. On October 20, 2016, the USDA granted Plaintiff a Reparations Award against Defendant Impex for $48,720, which was then amended to $23,520, and interest at the rate of 0.09 percent per annum, plus $500 in handling costs incurred with the USDA. *Id.* ¶ 23 at 7; Pl.'s Suppl. Since the Reparations Award has not been paid, the undersigned finds the Reparations Award should be enforced.

### E. Attorney's fees and costs

Lastly, Plaintiff seeks $3,284.00 in attorney's fees and $890.60 in costs and any other such relief the Court finds appropriate. Aff. of Craig A. Stokes in Supp. of Pl. Turkey Knob Growers, Inc., Mot. for Default J., ECF No. 12 ("Aff. of Stokes"); Compl. ¶ 24(F). The PACA trust provision, 7 U.S.C. § 499e(c)(2), provides that unpaid sellers are owed sums in connection with the transaction of their sale. In analyzing PACA trust claims, district courts have established they have broad discretion to decide whether the phrase "in connection with" includes prejudgment interest and attorney's fees and costs. *Middle Mt. Land & Produce, Inc. v. Sound Commodities, Inc.*, 307 F.3d 1220, 1225-26 (9th Cir. 2002). *See also Endico Potatoes v. CIT Group/Factoring*, 67 F.3d 1063, 1071-72 (2nd Cir. 2995) (quoting *Commercial Union Assurance Co. v. Milken*, 17 F.3d 608, 613-14 (2nd Cir. 1994), *cert denied*, 115 S. Ct. 198, 130 L. Ed. 2d 130 (1994)). Accordingly, this Court has held that it has complete discretion in awarding prejudgment interest. *See Continental Ins. Co. v. City of Virginia Beach*, 908 F.Supp. 341, 349 (E.D. Va. 1995) (stating the Virginia Code § 8.01-382 "has been interpreted as granting courts complete discretion in awarding prejudgment interest."). Thus, the undersigned Magistrate Judge believes prejudgment interest is an appropriate relief pursuant to 7 U.S.C. § 499e(c)(2) and Virginia Code § 8.01-382, which is calculated at eighteen percent (18%) per annum. Notice, ECF No. 17.

In its Motion for Default Judgment Against all Defendants and Supporting Memorandum of Law, Plaintiff seeks $4,174.60 in attorney's fees and costs. This amount is provided in the Affidavit of Craig A. Stokes in Support of Plaintiff Turkey Knob Growers, Inc., which established that Plaintiff spent $3,284.00 in attorney's fees and $890.60 in costs. Aff. of Craig A. Stokes at 2.

Therefore, having reviewed the Complaint, the USDA's default order, the Affidavit of Craig A. Stokes, and time sheet, the undersigned Magistrate Judge finds that the following damages, costs, and attorney's fees are reasonable:

| *Plaintiff* | *Unpaid shipments* | *Prejudgment interest (through 6/28/19)* | *Attorney's fees and costs* | *Total* |
|---|---|---|---|---|
| Turkey Knob Growers, Inc. | $23,520.00 | $13,239.93 | $4,174.60 | $40,934.53. |

## IV. RECOMMENDATION

The undersigned Magistrate Judge recommends entry of default judgment in favor of Turkey Knob Growers, Inc. against East Coast Impex, LLC and Srivinas Sathyavedu Kalyan. Plaintiff is entitled to PACA trust assets in the total amount of $23,520, prejudgment interest in the amount of $36,759.93, and attorney's fees and costs in the amount of $4,174.60.

## V. NOTICE

By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Defendant at the following address:

Srinivas Kalyan – Principal
East Coast Impex LLC
10525 Lariat Lane, Apt. #11
Manassas, VA 20109-6889

/s/
Ivan D. Davis
United States Magistrate Judge

July 22, 2019
Alexandria, Virginia